SARAH E. BOYLE, APPELLANT, *v.* ELIZABETH BOYLE, RESPONDENT.

PLEADING — COMPLAINT — SUFFICIENT STATEMENT OF CAUSE OF ACTION — DIVORCE DECREE — HOW CONSTRUED.

In an action to recover rents collected by defendant, which plaintiff claims under and by virtue of a certain decree granting her a portion of the rent of specific premises, it appeared in the complaint, that in the divorce proceedings and by the decree therein, plaintiff here was awarded sole charge, control, and custody of five children, issue of the

marriage; that she was given one third of the rents, issues, and profits of a certain brick building; that a portion of such rents are herein sought to be recovered; that said decree of divorce also gave the husband, grantor of the defendant herein, the premises in question "absolutely and in fee simple, freed from any liens or claims upon the part of plaintiff;" that said decree was recorded prior to the transfer to defendant.

*Held,* that the complaint states a cause of action; that the decree must be construed as an entirety; and that when so construed it is manifest that the plaintiff is entitled to one third of the rents of the brick building in question.

(Decided April 20, 1900.)

Appeal from the Second District Court, Weber County, Hon. H. H. Rolapp, *Judge.*

An action to recover an amount claimed to be due as rent of a certain building, collected and retained by defendant, but claimed by plaintiff under an adjudication of property rights in a divorce suit, the decree in which suit affected the property and the rents now in question. From a judgment for defendant, plaintiff appealed. *Reversed.*

*Valentine Gideon, Esq.,* attorney for appellant.

Our contention is that the 7th and 8th paragraphs of this decree construed together, give the husband, Robert B. Boyle, an estate in fee simple in the property, and that the 8th paragraph limits this estate and subjects it to a life estate in favor of the defendant, Sarah E. Boyle. By so regarding it, the decree can be sustained as a whole. Under the rules of construction it would be the duty of the court to construe the 8th paragraph as limiting the interest of the defendant, Robert B. Boyle, as set out in paragraph 7. Bishop on Contract, Enlarged Edition, Sec. 387.

It will not be denied that a devisee of the "rents, profits, use, and occupation," or an absolute assignment of the rents and profits of land, constitute in law an assignment of the land itself. Schouler on Wills, 2d ed., Par. 503.

"An agreement in a deed to pay grantors a specified amount annually is a charge upon the land, and follows it into the hands of subsequent purchasers and creates a life estate." *Ringrose* v. *Ringrose*, 170 Pa., 593, S. C.; 33 Atlantic, 129.

*H. H. Henderson, Esq.*, attorney for respondent.

BARTCH, C. J.

This action was brought to recover the sum of $50. The plaintiff claims that that sum is due her for rents of a certain brick building collected and retained by the defendant. It is alleged in the complaint, in substance, that in an action for divorce, instituted by this plaintiff against her husband, Robert B. Boyle, the court, on December 30, 1897, entered a decree dissolving the bonds of matrimony existing between herself and husband, and granted certain property rights to each of the parties to that action, that decree being referred to and made a part of the complaint herein; that about August 10, 1898, Robert B. Boyle conveyed all of his property and interests, so decreed to him, by warranty deed to this defendant; that since the conveyance the grantee collected and received the rents of the property, and especially the rents of that part of the premises described in paragraph 8 of that decree; that by the terms of said paragraph 8, this plaintiff is entitled to one third of the rents received for the brick building situate upon the lots described in that paragraph, which lots are also described in this complaint; and that the defendant has collected and received

the one third of said rents amounting to the sum of $50, for the use of this plaintiff, but, upon demand made therefor has refused and still refuses to pay the same to her. To this complaint the defendant interposed a general demurrer, which was sustained, and the plaintiff declining to amend, the court dismissed the action at plaintiff's cost, and thereupon this appeal was prosecuted. The sole question presented is whether by virtue of the provisions of paragraph 8 of the decree of divorce, the plaintiff is entitled to one third of the rents of the brick building referred to therein. That paragraph reads as follows: "That the plaintiff, Sarah E. Boyle, be, and she is, hereby given and awarded one third ($\frac{1}{3}$) of the rents, issues, and profits of the aforesaid brick building situated on the real estate first described in paragraph seven (7) of this decree, and the defendant, Robert B. Boyle, be, and he is, hereby given and awarded two thirds ($\frac{2}{3}$) of the rents, issues, and profits of said building."

It will be observed that this refers to paragraph 7 of the same decree, wherein Robert B. Boyle, the defendant's grantor, was "given and awarded absolutely and in fee simple, freed from any liens or claims upon the part of the plaintiff," therein, who is also the plaintiff herein, certain real estate, including the lots upon which the brick building referred to in paragraph 8 is situated. Considering each paragraph separately, the latter, it must be conceded, seems inconsistent with the former. The two paragraphs, however, must, for the purpose of determining the intent of the decree, be construed together. When so construed it is clear that the intention of the court, as manifested by its decree, was to award to Robert B. Boyle the property in fee simple, but with the reservation of one third of the rents of the brick building

located thereon, for the use and benefit of the wife. Such interpretation gives effect to both paragraphs, and such intention of the court is made more manifest and to appear the more reasonable, when it is remembered that the parties to the suit in divorce had five children, issue of their marriage, and that the plaintiff was awarded the sole charge, control, and custody of those children. Evidently the court intended to make ample provision for the wife and children, and therefore awarded the property in question to the grantor of the defendant, subject to the reservation. This being so, the defendant, by the conveyance to her, the decree having previously been recorded, and notice having thus been imparted to her, received no greater interest in the property than her grantor had.

We are of the opinion that the complaint states a cause of action. The case must therefore be reversed, with costs, and remanded with directions to the court below to set aside its judgment of dismissal and overrule the demurrer.

It is so ordered.

MINER, J., and BASKIN, J., concur.